## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL RADCLIFF,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**THE MCDOWELL COUNTY** )<br>**COMMISSION,** )<br>**JERRY DAVIS, individually as an** )<br>**agent/employee of Stevens Correctional** )<br>**Center,** )<br>**CHRISTOPHER COBURN, individually** )<br>**as an agent/employee of Stevens** )<br>**Correctional Center, and** )<br>**AARON CANTRELL, individually as an** )<br>**agent/employee of Stevens Correctional** )<br>**Center,** )<br>)<br>    **Defendants.** )<br>) | **Civil Action No.** 1:21-cv-00078 |

## COMPLAINT

**COMES NOW**, Plaintiff Michael Radcliff, by counsel, and for his Complaint states and alleges as follows:

## JURY DEMAND

1.　Plaintiff hereby demands a trial by jury.

## JURISDICTION AND VENUE

2.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343 and under this Court's authority to decide pendent state law claims.

3.　Plaintiff files this Complaint, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.　Specifically, Plaintiff alleges that his rights under the Eighth Amendment to the United States Constitution were violated by Defendants when they subjected Plaintiff to

wanton and malicious use of force and/or cruel and unusual punishment on October 17, 2019 while Plaintiff was an inmate at Stevens Correctional Center located in the City of Welch, McDowell County, West Virginia.

4. Venue is proper because one or more of the above-named Defendants reside within the Southern District of West Virginia, Bluefield Division, and the incident giving rise to this Complaint occurred in the Southern District of West Virginia, Bluefield Division.

**PARTIES**

5. Plaintiff Michael Radcliff (hereinafter "Plaintiff") was at all times relevant hereto an inmate at Stevens Correctional Center.

6. Defendant the McDowell County Commission (hereinafter, the "McDowell County Commission") is a municipality established under the laws of West Virginia and located in McDowell County, West Virginia. Stevens Correctional Center is a jail/prison that is subject to the authority, control, and discipline of the McDowell County Commission.

7. Defendant Jerry Davis (hereinafter "Officer Davis") was at all times relevant hereto a correctional officer employed by the McDowell County Commission and/or Stevens Correctional Center and was at all times relevant hereto acting under color of law and within the scope of his employment. Officer Davis who, upon information and belief, resides in McDowell County, West Virginia, is sued only in his individual capacity.

8. Defendant Christopher Coburn (hereinafter "Officer Coburn") was at all times relevant hereto a correctional officer employed by the McDowell County Commission and/or Stevens Correctional Center and was at all times relevant hereto acting under color of law and within the scope of his employment. Officer Coburn who, upon information and belief, resides in McDowell County, West Virginia, is sued only in his individual capacity.

- 2 -

9. Defendant Aaron Cantrell (hereinafter "Officer Cantrell") was at all times relevant hereto a correctional officer employed by the McDowell County Commission and/or Stevens Correctional Center and was at all times relevant hereto acting under color of law and within the scope of his employment. Officer Cantrell who, upon information and belief, resides in McDowell County, West Virginia, is sued only in his individual capacity.

10. Defendants are sued up to the limits of the insurance policy that provides liability coverage for their actions and omissions.

**FACTS**

11. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 10 as though fully set forth herein.

12. On October 17, 2019, while Plaintiff was an inmate at Stevens Correctional Center, he experienced a medical and/or mental health episode and requested to be transferred to the jail's medical facility.

13. Plaintiff's hands were then cuffed behind his back, he was stripped naked, and placed in a green suicide gown/suit.

14. A video taken by an agent/employee of Stevens Correctional Center captured the events that followed.

15. After being moved to another part of the prison, Plaintiff was forcibly held face-first against a wall outside of a holding cell by Officer Davis, Officer Coburn, and Officer Cantrell (hereinafter, the "Officer Defendants") while the holding cell was emptied and/or searched.

16. During this time, Plaintiff repeatedly screamed for help and yelled that Officer Davis was trying to "kill" him.

17.    After the holding cell was emptied and/or searched, instead of simply placing Plaintiff inside, Officer Cantrell engaged in a heated discussion with Plaintiff and yelled, "you get agitated, I'll get agitated."

18.    Plaintiff responded by saying he is not moving, yet Officer Cantrell replied, "you don't have to move; it's the tone of your voice and the way you're talking to me."

19.    Then, for no legitimate reason other than to cause harm and inflict pain, Officer Cantrell and Officer Davis forced an otherwise physically compliant Plaintiff's handcuffed arms upward, causing him to repeatedly scream out in pain and yell that the Officers "broke his hand."

20.    For minutes, Plaintiff screamed in pain while Officer Cantrell and Officer Davis continued to force his handcuffed arms upwards.

21.    Eventually, Plaintiff attempted to free himself from the painful hold the Officers had him in, at which point Officer Cantrell deployed a Taser into the back of Plaintiff, who was prone against the wall with his hands handcuffed behind his back.

22.    After being Tased by Officer Cantrell, Officer Cantrell and Officer Davis continued to forcefully pin Plaintiff face-first against the wall, even though Plaintiff told the Officers that he was "done" and "will be good."

23.    At minute 7:52 of the video, Officer Davis is seen turning around, smirking, and smiling at the camera, as if the entire episode was a joke and he was enjoying himself.

24.    Then, after continuing to scream for "help" and begging the Officer Defendants to take him to medial because he is "hurting," Plaintiff moved slightly away from the wall, at which point he was again Tased by Officer Cantrell.

25.    During this second Tasing, Plaintiff's head involuntarily bobbed up and down due to the force of electricity from the Taser.

- 4 -

26.     Soon thereafter, while still handcuffed and pinned against the wall, Plaintiff simply turned his head to the side, which prompted yet another Taser blast from Officer Cantrell.

27.     Again, the Taser blast caused Plaintiff's head to involuntarily bob up and down. Plaintiff also involuntarily urinated on himself.

28.     After being Tased for a third time and fearing for his life, Plaintiff screamed out for help and tried to pull away from the Officer Defendants.

29.     As Plaintiff attempted to free himself from the pain-inducing actions of the Officer Defendants, Officer Cantrell stated, "we are taking him to the floor."

30.     At which point, Officer Cantrell and Officer Coburn each grabbed one of Plaintiff's legs and pulled them backwards.  As a result, a handcuffed Plaintiff (who had no way to break the fall) landed forcefully on his face/head.

31.     Following the incident, Plaintiff was taken to the emergency room at Welch Community Hospital ("WCH").

32.     At WCH, Plaintiff was diagnosed with nine (9) facial lacerations, a skull fracture, a fractured right orbital bone (eye socket), and bruising on the brain.

33.     Due to the severity of his injuries, WCH recommended that Plaintiff be transferred to Charleston Area Medical Center ("CAMC") for trauma care.

34.     However, Officer Davis suggested that if Plaintiff instead went back to Stevens Correctional Center, they could "forget all about this" since Plaintiff was coming up on parole. Plaintiff, who had just suffered a closed head injury, unwittingly agreed.

35.     Back at Stevens Correctional Center, Plaintiff began vomiting and was then taken to CAMC.

36.     On October 18, 2019, Plaintiff presented to CAMC complaining of pain, nausea, vomiting, blurred vision, and headaches.  Plaintiff was diagnosed with a fractured skull, fractured orbital bone, fractured sinus bone, bruising on the brain, air in the cranial cavity, and a lacerated eyebrow.

37.     Upon information and belief, Officer Davis was intent on harming Plaintiff, as described hereinabove, because Officer Davis had recently found out that his wife (also a correctional officer) had an extramarital affair with a former inmate at Stevens Correctional Center who happened to be friends with Plaintiff.

38.     Upon information and belief, the violence carried out against Plaintiff by Officer Davis and the other Officer Defendants was retribution for Plaintiff being friends with the former Stevens Correctional Center inmate who had an extramarital affair with Officer Davis's wife.

## COUNT I – VIOLATION OF THE EIGHT AMENDMENT UNDER 42 U.S.C. §1983

### *The Officer Defendants*

39.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40.     The Officer Defendants, while acting under color of law and within the scope of their employment, violated Plaintiff's constitutional rights by using cruel, sadistic, and malicious force, as described hereinabove, during the October 17, 2019 incident, resulting in serious bodily injuries.

41.     At all material times, the Officer Defendants were acting as correctional officers at Stevens Correctional Center.

42.     The actions of the Officer Defendants, described hereinabove, violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment to the United States Constitution.

43.     Pursuant to W.Va. Code 29-12A-18(e), by alleging violations of the United States Constitution, the West Virginia Governmental Tort Claims and Insurance Reform Act is inapplicable.

44.     At no point during this incident did Plaintiff – stripped naked, in a suicide gown, with his hands cuffed behind his back – pose an immediate threat to the safety of anyone inside Stevens Correctional Center.

45.     The violent actions of the Officer Defendants, described hereinabove, were not taken in good-faith, were without just cause, and were in violation of clearly established law.

46.     The malicious actions taken by the Officer Defendants, described hereinabove, were not a good-faith effort to maintain or restore order; instead, the Officer Defendants acted with wantonness in the infliction of pain and for the sole purpose of causing physical harm.

47.     The Officer Defendants' brutal actions, described hereinabove, were unlawful and unjustified.

48.     As a direct and proximate result of the Officer Defendants' malicious, unjustified, and unconstitutional actions, Plaintiff suffered severe, permanent, and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; physical and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

49.     In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and cost incurred during the course of this litigation.

50.     The actions of the Officer Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT II – BATTERY

### *The Officer Defendants*

51.     Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 50 as though fully set forth herein.

52.     The Officer Defendants created an apprehension within Plaintiff of immediate physical harm by making threats of physical harm.

53.     The Officer Defendants carried out their threats of physical harm by injuring Plaintiff as described hereinabove.

54.     The Officer Defendants committed battery upon Plaintiff, proximately causing severe and debilitating bodily injury.

55.     As a direct and proximate result of the Officer Defendants' brutal, unprovoked, and unjustified battery of Plaintiff, he suffered severe, permanent, and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; physical and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

56. The actions of the Officer Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

57. The McDowell County Commission and/or Stevens Correctional Center is vicariously liable for the actions of the Officer Defendants committed within the scope of their employment.

## COUNT III – NEGLIGENCE

### *The Officer Defendants*

58. Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 57 as though fully set forth herein.

59. At all times relevant hereto, the Officer Defendants owed Plaintiff a duty of care.

60. The Officer Defendants, while acting within the scope of their employment as correctional officers at Stevens Correctional Center, breached their duty of care to Plaintiff.

61. As a direct and proximate result of the Officer Defendants' negligence, Plaintiff suffered severe and debilitating bodily injury, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; physical and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

62. The actions of the Officer Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of

punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

63.    The McDowell County Commission and/or Stevens Correctional Center is vicariously liable for the actions of the Officer Defendants committed within the scope of their employment.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### *The Officer Defendants*

64.    Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 63 as though fully set forth herein.

65.    The Officer Defendants' violent actions toward Plaintiff were atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency.

66.    The Officer Defendants acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from their outrageous conduct.

67.    The Officer Defendants' heinous actions caused Plaintiff to suffer severe emotional distress.

68.    The emotional distress was so severe, no reasonable person could be expected to endure it.

69.    As a direct and proximate result of the Officer Defendants' brutal, unprovoked, and unjustified injuring of Plaintiff, he suffered severe emotional distress; mental and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

70.    The actions of the Officer Defendants were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

71.    The McDowell County Commission and/or Stevens Correctional Center is vicariously liable for the actions of the Officer Defendants committed within the scope of their employment.

## COUNT V – NEGLIGENT HIRING, TRAINING, AND SUPERVISION

### *The McDowell County Commission*

72.    Plaintiff hereby incorporates by reference the allegations made in paragraphs 1 through 71 as though fully set forth herein.

73.    At all times relevant hereto, the McDowell County Commission and/or Stevens Correctional Center owed the inmates at Stevens Correctional Center, including Plaintiff, a duty of care.

74.    The McDowell County Commission and/or Stevens Correctional Center owed the inmates at Stevens Correctional Center, including Plaintiff, a duty to conduct a background check or otherwise reasonably investigate prospective correctional officers at Stevens Correctional Center, including the Officer Defendants.

75.    Upon information and belief, the McDowell County Commission and/or Stevens Correctional Center did not conduct a reasonable investigation into the Officer Defendants' background and did not adequately assess the possible risk of harm or injury to third-parties that could result from the conduct of the Officer Defendants if they were employed and/or retained as correctional officers at Stevens Correctional Center.

76.     The McDowell County Commission and/or Stevens Correctional Center owed the inmates at Stevens Correctional Center, including Plaintiff, a duty to properly train and supervise correctional officers at Stevens Correctional Center, including the Officer Defendants.

77.     Upon information and belief, the McDowell County Commission and/or Stevens Correctional Center failed to adequately train its correctional officers, including the Officer Defendants, concerning, among other things, the needless use of violence and excessive force.

78.     Upon information and belief, the McDowell County Commission and/or Stevens Correctional Center likewise failed to adequately supervise its correctional officers, including the Officer Defendants.

79.     The McDowell County Commission and/or Stevens Correctional Center have the authority to formulate, implement, and administer the policies, customs, and practices of their respective agencies and thus represent their official policies.

80.     As a direct and proximate result of the McDowell County Commission and/or Stevens Correctional Center's breach of their duties of care, Plaintiff suffered severe, permanent, and debilitating injuries, and will seek compensation for: past and future medical expenses and other economic and noneconomic damages; physical and emotional pain and suffering, both in the past and in the future; an impairment of the capacity to enjoy life, both in the past and in the future; annoyance, aggravation, inconvenience, and mental anguish, both in the past and in the future.

**WHEREFORE**, Plaintiff demands judgment in his favor against Defendants in an amount to be proven at trial, together with pre-judgment and post-judgment interest; for all damages recoverable under the law; for punitive damages, where applicable; for attorneys' fees under 42 U.S.C. § 1983; for expenses and costs of litigation; and for such other and further relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

 

**MICHAEL RADCLIFF**
**By Counsel**

*/s/ Russell A. Williams*
Russell A. Williams
WV State Bar No. 12710
Katz, Kantor, Stonestreet & Buckner, PLLC
207 South Walker Street
Princeton, WV  24740
(304) 431-4053
rwilliams@kksblaw.com